UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONELL HART,

        Plaintiff,

        v.                                          Case No. 24-cv-188-bhl

MILWAUKEE COUNTY, et al.,

        Defendants.

## SCREENING ORDER

    On February 12, 2024, Ronell Hart, proceeding *pro se*, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated, along with a motion for leave to proceed without prepayment of the filing fee and a motion to appoint counsel. Dkt. Nos. 1-3. This order resolves the pending motions and screens the *pro se* complaint.

### THE MOVANT'S INDIGENCY

    The Court has authority to allow a litigant to proceed without prepayment of the filing fee if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *See* U.S.C. § 1915(a)(1), (e)(2). Hart reports that he is unemployed and unmarried, with no dependents, no monthly income, and no other assets. *See* Dkt. No. 2. On this record, Hart is sufficiently indigent for a fee waiver.

### SCREENING THE COMPLAINT

    In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where

the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

There is a reason Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id*.

Hart's complaint is 35 pages of legal citations and theories with few factual allegations. Dkt. No. 1. He uses what appears to be an old version of this Court's form-complaint for prisoner filers and names seven defendants: Milwaukee County, State of Wisconsin, Dr. Jenna Niess, Attorney Alexis N. Nash, Judge Davis, CO J. Davie, and CO Wilborn. Dkt. No. 2 at 1-2. This is followed by page after page of unrelated and confusing state and federal violations, including under Wis. Stat. §51.61—right to confidentiality, Wis. Stat. §51.15(1)—basis for detention, First Amendment—religion, "vindictive" and "selective" prosecution, Eighth Amendment—conditions of confinement, Wis. Stat. §973.01—bifurcated sentence, extended supervision, Wis. Stat.

§971.17—not guilty by reason of insanity, Wis. Stat. §973.15—sentence, conspiracy to commit fraud, Thirteenth Amendment—slavery and involuntary servitude, Fourth Amendment—unlawful detention, Fourth Amendment—false arrest, Fourth Amendment—excessive force, and Fourteenth Amendment—equal protection. *Id*. at 3-17. Hart mentions that he was at a county jail, as well as at an unidentified Department of Corrections (DOC) facility, during some of the incidents. *See id*. He also appears to have been out of custody during some of the incidents. *See id*. Hart states that "I was taken advantage by all parties" and "was not protected and misused by all parties," *id*. at 3, but it's unclear what happened to him, when it happened, and who was involved. The few specific factual allegations he does have in the complaint are against individuals who are not named as defendants in the complaint. *Id*. at 14. Hart also does not specify what relief he seeks. *Id*. at 4. Hart's complaint appears to be a demonstration of mental health struggles rather than a legitimate effort to vindicate any genuine legal claims. If Hart wishes to proceed with this case, the Court will require him to file an amended complaint that complies with Rule 8. Hart is advised that he should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to him; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Hart should set forth his allegations in short and plain statements, focusing on the *facts* of his case rather than abstract legal terms, citations, and theories. He should ensure that his amended complaint can be understood by someone who is not familiar with his circumstances or the facts of this case.

As Hart considers what facts to include in his amended complaint, he should remember three things. First, he must make specific factual allegations against each individual defendant. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Allegations that "all parties" violated his rights do not satisfy the personal involvement requirement of §1983. The facts should give each individual defendant notice of what Hart believes they did to violate his rights. Second, Hart should be aware that prosecutors and judges are generally entitled to absolute immunity from suit under §1983, *see Fields v. Wharrie*, 672 F.3d 505, 516 (7th Cir. 2012), and defense attorneys are not considered state actors under §1983, *see Agrawal v. Pallmeyer*, 313 Fed. Appx. 866 (7th Cir. 2009). Hart therefore likely does not have claims against any of the attorneys or judges he named as defendants in this case. Third, Hart can join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents *and* involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 18(a); Fed.

R. Civ. P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This means that Hart likely cannot bring his First, Fourth, Eighth, Thirtieth, and Fourteenth Amendment claims in the same lawsuit, especially if the incidents happened at different institutions or while he was out of custody. These claims likely belong in different lawsuits, for which Hart must pay separate filing fees.

Hart is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Hart files an amended complaint, the Court will screen it. If Hart does not file an amended complaint, the Court will likely dismiss this case.

## MOTION TO APPOINT COUNSEL

Hart also filed a motion to appoint counsel. Dkt. No. 3. He writes, "I would like a defend attorney on my case no. 24cv188 [due] to competency." *Id*.

"There is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. §1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (citing *Henderson v. Ghosh*, 755 F.3d 599, 564 (7th Cir. 2014) (per curiam)). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson*, 755 F.3d at 564 (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). When assessing a request for pro bono counsel, the district court must make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). The second prong "requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). A district court "should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id*. And

Courts should note that cases become more difficult as they move beyond the pleading stage. *Id.* at 683.

Hart has neither established that he made reasonable efforts to recruit counsel on his own nor has explained why this case is too complex for him to handle on his own. The Court must therefore deny his motion to appoint counsel but will do so without prejudice and will allow Hart to refile the motion at a later time with the information noted above. Accordingly,

**IT IS HEREBY ORDERED** that Hart's motion for leave to proceed without prepayment of the filing fee (Dkt No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hart's motion to appoint counsel (Dkt. No. 3) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it violates Fed. R. Civ. P. 8. If Hart wishes to proceed with this lawsuit, he must file an amended complaint that complies with the instructions in this order by **May 6, 2024**. If the Court does not receive an amended complaint by that date, the case will be dismissed for failure to prosecute pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on April 5, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge